Note.—See under (1) 32 Cyc. pp. 607, 608. (2) 32 Cyc. p. 600; 22 R. C. L. p. 5; 3 R. C. L. Supp. p. 1229; 4 R. C. L. Supp. p. 1450.

---

## DRUM v. DRUM.

No. 17262—Opinion Filed July 13, 1926.

(Syllabus.)

### Appeal and Error—Service of Case-Made After Time a Nullity.

A case-made served after the expiration of the time for service is a nullity and confers no jurisdiction on the Supreme Court to review the appeal.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action between Charles Drum and Ethel Drum. Judgment for the latter and the former appeals. Appeal dismissed.

Hargis & Yarbrough and C. L. Williams, for plaintiff in error.

G. B. Sturgell, S. T. Carman, Lydick & McPherren, and M. E. Jordan, for defendant in error.

PER CURIAM. This is a divorce action. Defendant in error was decreed a divorce by the district court of Osage county on the 21st day of November, 1925. On the 24th day of November, 1925, plaintiff in error filed a motion for a new trial, and also filed no-

tice of intention to appeal, as provided in divorce actions. On the 7th day of December, 1925, motion for a new trial was overruled and plaintiff in error gave notice of appeal and was given 60 days in which to serve case-made, which expired on the 5th day of February, 1926. Case-made was served on the 5th day of March, 1926, one month after the time for service had expired. A case-made served after the expiration of the time for service is a nullity and confers no jurisdiction on the Supreme Court to review the appeal. The appeal is dismissed.

Note.—See 4 C. J. p. 353 §1997.